**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

**ANA MCCARTY**                                                        **PLAINTIFF**

FILED

MAR 0 4 2010

GAYLE PARKER
CIRCUIT CLERK
BY: _____ D.C.

**VS.**                                              CAUSE NO. A2402/0 00037

**USAA CASUALTY INSURANCE COMPANY**                          **DEFENDANTS**
**AND JOHN DOES 1-10**

<u>**C O M P L A I N T**</u>
<u>**(JURY TRIAL DEMANDED)**</u>

COMES NOW the Plaintiff, Ana McCarty, by and through her attorneys of record, Schwartz,

Orgler & Jordan, PLLC, and files this Complaint against the Defendant, USAA Casualty Insurance

Company, and John Does 1-10, and would respectfully show unto this Court the following, to wit:

**PARTIES**

1.      The Plaintiff, Ana McCarty (hereinafter "McCarty" or "Plaintiff"), is an adult resident

citizen of Biloxi, Mississippi.

2.      The Defendants are:

A. USAA Casualty Insurance Company (hereinafter "USAA" or "Defendant"), is a foreign

corporation qualified to do business in Mississippi, which may be served with process through its

registered agent for service of process, C.T. Corporation System, 645 Lakeland East Dr., Suite 101,

Flowood, MS 39232.

B. John Does 1-10, (hereinafter "Does") are persons and entities who caused or contributed

to the injuries and damages to the Plaintiff, but whose true identity and/or liability have not been

ascertained at this time. All allegations and claims asserted herein against any Defendants are

incorporated herein by reference against John Does 1-10. Said John Does, when their true identities



REVIEWED

SCANNED

are known and their liability ascertained, will be identified by name and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

All allegations in this Complaint against "Defendants" are made jointly against all named Defendants, and all John Doe Defendants. Any amended complaint filed herein against John Does will relate back to the date of this Original Complaint, pursuant to the Mississippi Rules of Civil Procedure

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter and of the parties, and venue is proper in this Court pursuant to *Miss. Code Ann. § 11-11-3* (as amended), as the Plaintiff is an adult resident citizen of the Second Judicial District of Harrison County, Mississippi, and the Defendant has breach a contract in whole or in part in the Second Judicial District of Harrison County, Mississippi.  Pursuant to *Miss. Code Ann. § 13-3-57* (as amended), this Court has *in personam* jurisdiction over the Defendant as the Defendant has conducted business in the State of Mississippi, sold insurance policies to residents of the State of Mississippi, committed tortious injuries in whole or in part within the state of Mississippi against residents and licensed entities of the State of Mississippi and/or are otherwise licensed to do business here.  Additionally, the Plaintiff invokes the "Long Arm Statutes" of this State.

## FACTS

4.     This action arises out of the Defendant's failure to properly comply with an insurance policy which was purchased by the Plaintiff, including a denial of coverage and refusal to pay benefits under a policy of insurance, breaches of the implied covenant of good faith and fair dealing, breach of contract and breach of fiduciary duty.

2

5.    The Plaintiff is a policy holder of an automobile insurance policy, bearing policy number 01951-47-08C-7101-7, insuring the policy period from February 12, 2009, through August 12, 2009, which covered the Plaintiff's automobile, a 2007 Buick Lacrosse CX bearing VIN # 2G4WC552971245320.  A true and correct copy of said policy along with the declaration page is attached hereto and marked collectively as Exhibit "A".

6.    The policy issued by USAA provided for liability coverage for Plaintiff's bodily injury in the amount of $25,000.00 per person and $50,000.00 per accident and for property damage coverage of $25,000.00.

7.    The policy further provided coverage for uninsured/under insured motorists coverage in the amount of $25,000.00 per person and $50,000.00 per accident and for property damage of $25,000.00.  Additionally, two (2) automobiles were insured under the policy and the Plaintiff is entitled to stack said coverages.  Furthermore Physical Damage coverage was afforded to the Plaintiff.

8.    The Plaintiff would show that on April 22, 2009, the Plaintiff was traveling in her automobile in Milton, FL, and was involved in an automobile accident due to no fault of the Plaintiff.  The automobile collision caused the Plaintiff to be seriously and permanently injured.

9.    The Plaintiff would further show that as a result of the injuries sustained from the automobile collision, she incurred medical bills, expenses, repair costs and other damages in excess of One Hundred Thousand Dollars ($100,000.00).

10.    The Plaintiff complied with the provisions of her USAA insurance policy and gave notice of the claim to USAA and requested that USAA pay to the Plaintiff the damages for her injuries under the provisions of said policy.

3

11.    The Plaintiff provided the Defendant, USAA, with the necessary documents to prove her injuries as a result of the automobile collision including but not limited to medical invoices, vehicle appraisals and repair invoices requested by USAA.

12.    The Defendant, USAA, has refused to pay the losses of the Plaintiff under the subject policy including the liability provision, uninsured and under insured provisions, and property damage provision of the Plaintiff's insurance policy.

13.    The Plaintiff paid the appropriate premiums to the Defendant, USAA, with the reasonable expectation she would be afforded coverage for the damage and/or loss resulting from an automobile collision such as that incurred.

<u>COUNT ONE</u>
<u>BREACH OF FIDUCIARY DUTY</u>

14.    The Plaintiff hereby realleges and incorporates each and every preceding paragraphs as if fully set forth herein in this cause of action and further alleges as follows.

15.    The Plaintiff reposed great trust and confidence in the Defendant to obtain and provide proper and adequate insurance coverage benefits. The Defendant was aware of the Plaintiff's total reliance upon them to truthfully and fully obtain adequate insurance coverage to provide benefits to cover the Plaintiff's needs in case of an occurrence which caused the Plaintiff injury to person or property. The Defendant's position was one of superiority and expertise. This relationship created a fiduciary duty on the part of the Defendant to fairly and competently represent and protect the Plaintiff's interest.

16.    By virtue of the facts and circumstances of the relationship, there was created a fiduciary relationship between the Defendant and the Plaintiff, and said fiduciary relationship existed

4

at all material times herein.

17.     The Defendant negligently breached its fiduciary duty to the Plaintiff by committing the acts complained of herein, all to Plaintiff's detriment as set forth herein.

18.     That as the direct and proximate result of the conduct of the Defendant, the Plaintiff has been damaged as set forth in the paragraphs above.

19.     Furthermore, the Defendant's breach of fiduciary duties was grossly negligent and was attended by circumstances of intentional concealment of material facts, malice, willful and wanton conduct, with a gross, reckless and callous disregard for the rights of the Plaintiff and the public in general, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

## COUNT TWO
## BREACH OF CONTRACT / BAD FAITH DENIAL

20.     The Plaintiff hereby realleges and incorporates each and every preceding paragraph as if fully set forth herein in this cause of action, and further alleges as follows:

21.     The issuance of the policy, acceptance of premiums, and the assurance of coverage to the Plaintiff by Defendant created a contractual relationship between the Defendant and the Plaintiff.

22.     The Defendant, by virtue of its representations with consideration taken with the insured Plaintiff, was subject to the implied-in-law duty to act fairly and in good faith and not to deprive the Plaintiff of the benefits of the policy.

23.     The Defendant herein denied payment of known legitimate claims under the policy without justifiable reason and was grossly negligent and malicious in doing so.

24.    The Defendant acted consciously, willfully, fraudulently, intentionally, and in bad faith in breaching the contract it had with the Plaintiff, in mishandling the Plaintiff's claim, and failing to properly investigate the Plaintiff's claim.

25.    These actions were done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due Plaintiff under the terms of the policy and the entire claims procedure used was established and conceived to avoid legitimate payments and defraud and steal from the insured entitlements.

26.    The Defendant lacked a legitimate or arguable reason for denying coverage and refusing to pay Plaintiff's valid claims in the full amount recoverable by law.

27.    By denying and refusing to consider the nature and extent of Plaintiff's claims, the Defendant intentionally and willfully failed to determine whether there was any legitimate or arguable reason for denying coverage and refusing to pay benefits due and owing under the Plaintiff's policy.

28.    The Defendant's intentional denial of coverage and refusal to pay Plaintiff's valid claims was a breach of contract as well as a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the insurance policy and full coverage by operation of law.  Its actions also hindered the Plaintiff's efforts to move forward and recover from the accident.

29.    The Defendant's conduct in intentionally refusing to pay Plaintiff's valid claims was malicious, fraudulent, oppressive, and otherwise reflected a conscious and intentional disregard of the insured Plaintiff's rights.

30.    As a proximate result of Defendants' intentional and willful denial of benefits, and the Defendant's breach of the contract and implied-in-law duty of good faith and fair dealing, the Plaintiff

has had to endure additional undue physical, mental and emotional pain and suffering, including anxiety, distress, torment, upset and worry. The Defendant was aware or should have been aware of the aforementioned harms suffered by the Plaintiff as a result of its aforementioned intentional wrongful actions.

31.    As a result of said actions by the Defendant, the Plaintiff prays for judgment against the Defendant as follows:

    a.    That she be awarded consequential damages in the amount of all losses suffered as the proximate result of Defendant's bad faith denial and refusal to pay Plaintiff's valid claims in full as required by operation of law and under contract;

    b.    That she be awarded damages for emotional distress, pain and suffering, upset and concern suffered as the proximate result of Defendant's bad faith denial and refusal to pay Plaintiff's valid claims in full;

    c.    That she be awarded punitive damages for Defendant's conscious, intentional, malicious, fraudulent, and oppressive conduct that reflected a conscious disregard of Plaintiff's rights;

    d.    That she be awarded prejudgment interest from the date payments were due under the terms of the policy and attorney fees for the pursuit of this action;

    e.    That she be awarded any and all other damages which she is entitled to under the laws of the State of Mississippi which this Court sees fit to award.

### COUNT THREE
### CONVERSION

32.    The Plaintiff hereby realleges and incorporates each and every preceding paragraph as if fully set forth herein in this cause of action, and further allege as follows:

33.    The Plaintiff would hereby show that Defendant has wholly converted to its own use property rightfully belonging to the Plaintiff, being the premiums which were tendered as consideration for the procurement of the aforesaid insurance policy. At no time, did the Defendant return said monies to the Plaintiff.

34.    The Defendant is aware that the Plaintiff is the rightful owner of this money since it was not used to procure the required coverage as intended and Plaintiff is demanding possession of such monies.

35.    The Defendant has wrongfully retained this full amount of premium without returning any amount to the Plaintiff and without paying the benefits expected to be derived from the purchase of such policy.

36.    The Plaintiff would show that the Defendant has converted said monies maliciously, willfully, and wantonly, with the intent to deprive the Plaintiff of her property and that it has converted the property to its own use through devious and sundry means, being an act of trover.

37.    The Plaintiff demands damages from the Defendant in the way of punitive damages for the willful, wanton and malicious action of the Defendant, as well as attorney fees and all other remedies available to said Plaintiff under Mississippi law.

## COUNT FOUR
## FRAUD

38.    The Plaintiff hereby realleges and incorporates each and every preceding paragraph as if fully set forth herein in this cause of action, and further allege as follows:

8

39.    The Defendant had a duty-in-law to deal with the Plaintiff in good faith and fairly.

40.    The Defendant's conduct of accepting the Plaintiff's payment of premiums and then wrongfully denying the claim was a breach of the Defendant's duty to act fairly and in good faith and constitutes fraud.  This act by the Defendant, as well as the acts detailed above, clearly indicate an intent to deceive, mislead or misrepresent to the Plaintiff the nature, validity, or status of her claim. The Defendant's actions indicate that false representations were intentionally made to the Plaintiff by the Defendant's agents, employees, and/or claims administrators.  Further, that the Defendant's claims administrators and agents knew that the Plaintiff would rely on these false representations as she had a right to do.

41.    As a result of the Defendant's fraudulent actions and breach of good faith and fair dealing, the Plaintiff has been caused to suffer consequential damages, attorney fees and costs, for which Plaintiff now seeks to recover.  The Plaintiff also seeks to recover pre-judgment interest from the time the payments were due under the policy.   In addition, the Plaintiff seeks to recover punitive damages as Defendant's actions were intentional, malicious, and willful, and the Defendant should be punished for said actions as a matter of public policy and other damages alleged herein.

### COUNT FIVE
### CONSCIOUS AND/OR RECKLESS DISREGARD OF RIGHTS OF INSURED

42.    The Plaintiff hereby realleges and incorporates each and every preceding paragraph as if fully set forth herein in this cause of action, and further allege as follows:

43.    The Defendant had a duty-in-law to act fairly and in good faith with the Plaintiff.

44.    The Defendant's conduct in failing to pay the Plaintiff's claims evidences the Defendant's conscious and/or reckless disregard of the rights of the Plaintiff.  The Defendant knew

or should have known of the wrongfulness of its conduct and was indifferent to its harmful consequences. The Defendant knew or should have known that it had no legitimate or rational basis for denying and refusing to pay Plaintiff's claims.

45.    Further, the Defendant knew or should have known that its refusal or failure to pay the Plaintiff's claims would have especially harmful consequences to the Plaintiff due to the difficult situation of loss experienced by the Plaintiff.

46.    As a result of the Defendant's conscious and/or reckless disregard for the rights of the insured Plaintiff, the Plaintiff has been caused to suffer consequential damages and attorney fees and costs for which Plaintiff now seeks to recover. The Plaintiff further requests pre-judgment interest on the payments from the time the payments were due under the policy. In addition, the Plaintiff seeks to recover punitive damages as Defendant's actions were intentional, malicious, willful, and Defendant should be punished for said actions as a matter of public policy and made an example it. The Plaintiff further seeks all other damages alleged herein.

## COUNT SIX
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

47.    The Plaintiff hereby realleges and incorporates each and every preceding paragraph as if fully set forth herein in this cause of action, and further allege as follows:

48.    The Defendant's aforementioned claims procedures, policies, procedures, and claim practices including the conscious, willful, intentional and/or grossly negligent actions in handling, investigating, evaluating  coverage in this case, constitute a bad faith denial of coverage and failure to pay, as well as fraud, oppression, and breach of contract and breach of implied duty to act in good faith were extreme and outrageous and caused the Plaintiff to suffer physical, mental and emotional

pain and suffering, including anxiety, distress, torment, upset and worry. The Defendant knew or should have known that its actions would cause physical, mental and emotional distress in the Plaintiff as same was reasonably foreseeable and was proximately caused by the actions of the Defendant and that the claim procedure was so designed to accomplish these injuries and damages.

49.    The Plaintiff now seeks to recover actual and punitive damages for the emotional distress the Defendant's aforementioned conscious, willful, intentional and/or grossly negligent actions caused them to suffer, along with all damages and injuries suffered by the Plaintiff herein alleged.

## COUNT SEVEN
## EQUITABLE ESTOPPEL

50.    The Plaintiff hereby realleges and incorporates each and every preceding paragraph as if fully set forth herein in this cause of action, and further alleges as follows:

51.    The Plaintiff would assert that the Defendant has made material misrepresentations of fact to the Plaintiff regarding the terms of her insurance policy and the coverage provided to her, which the Plaintiff believed and relied upon in changing her position by not procuring additional insurance coverage. The Plaintiff would have made arrangements to procure additional insurance had it not been for the Defendant's misrepresentations which the Plaintiff relied upon to her detriment, suffering damages set forth hereinabove.

52.    Based upon the same, the Plaintiff prays that the Defendant be equitably estopped from denying Plaintiff the benefits of the insurance policy and reasserts her claims for compensatory and punitive damages, together with attorney's fees, costs, pre-judgment and post-judgment interest as set forth hereinabove.

11

## DAMAGES

53.    The Plaintiff hereby realleges and incorporates each and every preceding paragraph as if fully set forth herein in this cause of action, and further allege as follows:

54.    As a result of the Defendant's actions and behavior, the Plaintiff is entitled to the following damages:

    a.    Compensatory Damages;

    b.    Actual Damages;

    c.    Punitive Damages;

    d.    Attorney's fees and litigation costs;

    e.    Pre- and post-judgment interest; and,

    f.    Any other damages deemed allowable by this Court.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Complaint be received and filed, and that upon trial by jury of this cause, judgment be entered against the Defendant for any and all actual and/or compensatory damages to which the Plaintiff is entitled, together with punitive damages in an amount to be determined by a jury in the trial of this cause. The Plaintiff further prays that she be awarded pre-judgment and post-judgment interest, attorney's fees and costs, and such other general relief to which she may be entitled.

RESPECTFULLY SUBMITTED.

ANA McCARTY
BY: SCHWARTZ, ORGLER & JORDAN, PLLC

BY:_____
        ROBERT T. SCHWARTZ, For the Firm

12

Robert T. Schwartz, Esq.
Schwartz, Orgler & Jordan, PLLC
2335-B Pass Road
Biloxi, MS 39531
(228) 388-7441
MSB # 10482
robert@sojlaw.net